IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00216-RMR-SBP

JEFFREY T. MACMILLAN, M.D., and
KAREN WENNER, APRN, DNP,

    Plaintiffs,

v.

RURAL PARTNERS IN MEDICINE, LLC, a Colorado Limited Liability Company doing business as inReach Health,
REGIONAL WEST PHYSICIANS CLINIC, a Nebraska non-profit corporation,
JEFFREY HOLLOWAY, M.D., FACS,
MARTHA STRICKER, and
CHRISTOPER PUSEY,

    Defendants.

## ORDER DENYING MOTION TO STAY DISCOVERY

**Susan Prose, United States Magistrate Judge**

    This matter comes before this court on a motion to stay discovery filed by Rural Partners in Medicine, LLC d/b/a inReach Health ("inReach") and Christopher Pusey, the chief executive officer of inReach. *See* ECF No. 51 (the "Motion to Stay" or "Motion"). The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(1)(A) and the order referring the motion (ECF No. 52). This court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, this court **DENIES** the Motion.

### BACKGROUND

    This action stems from a contractual dispute between Plaintiffs and inReach. Plaintiffs

allege that inReach breached professional services agreements between inReach and Dr. MacMillan and Ms. Wenner (Claims One and Two); wrongfully discharged them in violation of public policy (Claim Four); wrongfully discharged Dr. MacMillan in violation of the Age Discrimination in Employment Act (Claim Five); and wrongfully discharged both Plaintiffs in violation of the Colorado Public Health Emergency Whistleblower Act, Colo. Rev. Stat. § 8-14.4-101 *et seq.* (Claim Six). Amended Complaint, ECF No. 58 ¶¶ 76-91, 100-126. Plaintiffs also have sued Mr. Pusey for tortious interference with contract. *Id.* ¶¶ 92-99. These claims are the focus of the case going forward. This court recommended that all claims against Regional West Physicians Clinic, Jeffrey Holloway, and Martha Stricker (the "Clinic Defendants") be dismissed for lack of personal jurisdiction. ECF No. 72. Plaintiffs subsequently filed a notice of voluntary dismissal, seeking to dismiss their claims against the Clinic Defendants. Notice of Voluntary Dismissal of Third Claim for Relief, ECF No. 82.[1]

On November 2, 2023, inReach and Mr. Pusey filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of all claims except Claims One and Two, the breach of contract claims against inReach. ECF No. 61 ("Motion to Dismiss"). In the Motion to Stay, inReach and Mr. Pusey[2] posit two forms of a stay of discovery. First, inReach requests that all discovery be stayed except for written discovery related to the breach of contract claims. Motion at 2. Plaintiffs do not oppose that proposed partial stay. *Id.* Alternatively, "if the Court

---

[1] Plaintiffs filed the Notice of Voluntary Dismissal after this court recommended that the Clinic Defendants be awarded costs and fees under Colorado Revised Statutes §§ 13-16-113(2) and 13-17-201. *See* ECF No. 72 at 30. This order does not address the impact, if any, of the dismissal on the recommendation to award attorney's fees and costs, nor does this order impact the stay currently in place with regard to the Clinic Defendants. ECF No. 73.

[2] In the following analysis of the Motion to Stay, the court uses the term "inReach" to refer to both inReach and Mr. Pusey.

2

determines that discovery should not proceed piecemeal," inReach requests—and Plaintiffs oppose—a stay of all discovery in the matter. *Id.*; *see also* Response to Motion to Stay, ECF No. 54 at 2.

## LEGAL STANDARDS

While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings while a motion to dismiss is pending, Rule 26(c) does permit the court, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Staying discovery pending a ruling on a motion to dismiss is generally disfavored in this District, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), but "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007). Certain questions—including questions of immunity and jurisdiction—should be resolved at the earliest stages of litigation and may present more compelling grounds for a stay. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (recognizing that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery'") (quoting *Siegert v. Gilley*, 500 U.S.

3

226, 236 (1991) (Kennedy, J. concurring in judgment)); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("[T]he Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)); *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."). But the same is not necessarily true of a motion—like the partial Motion to Dismiss inReach has filed here—that tests the adequacy of a plaintiff's pleading. *See, e.g.*, *De Leon v. Marcos*, No. 09-cv-2216-MSK-MEH, 2009 WL 3756374, at *1 (D. Colo. Nov. 9, 2009) (denying motion to stay pending resolution of Rule 12(b)(6) motion because "it is the policy in this district not to stay discovery pending a ruling on motions to dismiss," and noting that a stay "could substantially delay the ultimate resolution of the matter").

In evaluating whether a stay is warranted, the court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, the convenience to the court, and the interests of third parties and the public. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). The decision to stay discovery always rests firmly in the sound discretion of the trial court. *See, e.g., Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

In applying these factors here, the court considers that the parameters of the case recently have been more clearly defined with the dismissal of Plaintiffs' only claim against the Clinic Defendants. With these developments, it is now clear that the fundamental dispute in this litigation is between Plaintiffs and inReach, and that the breach of contract claims—which

4

inReach has *not* moved to dismiss—are at the center of that dispute. In light of these circumstances, discovery should now proceed.

## ANALYSIS

***Plaintiffs' Interest in Proceeding Expeditiously (Factor 1).*** Plaintiffs oppose a blanket stay of all discovery pending a decision on the Motion to Dismiss. Response at 2.[3] Plaintiffs contend that they will be burdened by a complete stay of discovery in this proceeding because they "have an interest in proceeding expeditiously with discovery in this action such that granting a stay pending resolution of Defendants' Motion to Dismiss 'could substantially delay the ultimate resolution of the matter, with injurious consequences.'" *Id.* at 3-4 (cleaned up). According to Plaintiffs, "[g]iven judicial caseloads, it is unknown how long it will take for the Court to rule on the . . . Defendants' pending motion[s] to dismiss." *Id.* at 4. For its part, inReach asserts that a stay "will benefit Plaintiffs by ensuring that the parties do not expend needless time and expense in litigating claims that may be dismissed." Motion at 5.

The court finds that Plaintiffs have the better argument on this factor. They, of course, are in the best position to assess whether they will benefit from, or be harmed by, a stay of discovery. *See Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (rejecting defendant's argument that both parties would benefit from a stay of discovery because "discovery appear[ed] extensive" and "[would] require frequent travel that may be lessened following the resolution of the Motion to Dismiss"). And Plaintiffs "undoubtedly have an interest in proceeding expeditiously in this matter." *Sanchez v.*

---

[3] At the outset, the court declines to adopt inReach's proposal for a partial stay of discovery and therefore focuses its analysis here on the alternative proposal for a complete stay. *See String Cheese*, 2006 WL 894955, at *2 ("The court is inconvenienced if matters proceed in a piecemeal fashion which would occur if discovery proceeded against some, but not all, defendants.").

*City and Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). The position inReach espouses may have carried more weight when the case encompassed a larger group of defendants and, along with those extra parties, an expanded number of claims and defenses to be litigated. That broader case necessarily would have complicated discovery.

Now, however, the case has been honed to the essential dispute between Plaintiffs and inReach. To be sure, inReach seeks to dismiss a portion of Plaintiffs' claims, but the court discerns no advantage in halting discovery until the partial Motion to Dismiss is resolved. Importantly, the breach of contract claims must be litigated in any event, irrespective of the uncertain outcome of the Motion to Dispute. *See Hagerman v. Eli Lilly & Co.*, No. 09-cv-00672-REB-BNB, 2009 WL 4268369, at *3 (D. Colo. Nov. 20, 2009) ("[D]ispositive motions are denied more often than they result in the termination of a case. Consequently, . . . it is more likely than not from a statistical point of view that a delay [of discovery] pending a ruling would prove unnecessary."). Further, discovery on the breach of contract claims will significantly overlap, if not largely duplicate, discovery on the claims at issue in the Motion to Dismiss, including the claim for tortious interference with contract against Mr. Pusey. Mr. Pusey, the chief executive officer of inReach, will be required to participate in discovery even if he succeeds in dismissing the claim against him. It is reasonable to anticipate that Plaintiffs will seek information and documents concerning Mr. Pusey's actions and that he will be deposed.

For these reasons, the court finds that the first *String Cheese* factor weighs strongly against a stay of discovery.

**Burden on Defendant (Factor 2).** inReach contends that it will be "significantly burdened if it must proceed with discovery on the majority of Plaintiffs' claims (most of which

6

[inReach has] moved to dismiss), only to have those claims ultimately dismissed." Motion at 6. inReach asserts that it "should not be forced to participate in expensive and burdensome discovery" because "Plaintiffs have taken a kitchen-sink approach to what is essentially a breach of contract case[.]" *Id.* at 7. But the recent refinements of the scope of Plaintiffs' claims go far to alleviate this concern. As the court noted in its analysis of the first factor, no economy in the pretrial process is gained from further deferring discovery that inevitably must be conducted on the breach of contract claims, no matter the outcome of the Motion to Dismiss.[4]

At this point, the burden on inReach associated with opening discovery is but one of the "ordinary" stripe. *See, e.g.*, *Graesser v. IQVIA RDS Inc.*, No. 21-cv-01337-PAB-KLM, 2021 WL 5909017, at *1 (D. Colo. Dec. 14, 2021) ("the ordinary burdens associated with litigation do not constitute undue burden"); *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011) (same). At bottom, inReach "identifies no burden on it besides the time and expense warranted by discovery." *Graesser*, 2021 WL 5909017, at *2; *see also, e.g.*, *United States ex rel. Pfeifer v. Ela Med., Inc.*, No. 07-cv-01460-WDM-MEH, 2009 WL 3233668, at *2 (D. Colo. Oct. 7, 2009) (recognizing that an argument that a stay of discovery could save costs "can be made in all cases in which dispositive motions are pending"). This factor, too, weighs against a stay of discovery.

***Convenience to the court (Factor 3).*** Continuing to refrain from opening discovery in this case—particularly now that extraneous parties have been eliminated—does not favor a stay. "Entry of a stay may cause significant [further] delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable." *Choice Genetics USA, LLC*

---

[4] As noted above, it also appears doubtful to the court that Mr. Pusey, the chief executive officer of inReach, "would not be subject to any discovery at all" in connection with the breach of contract claims. *See* Motion to Stay at 7.

*v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2016 WL 9344066, at *2 (D. Colo. Nov. 7, 2016). This conclusion is bolstered by the fact that the Motion to Dismiss, even if granted, would not entirely dispose of the remaining claims. No judicial economy is achieved by further deferring the litigation of this matter, including this court's obligation to assist the parties in resolving any potential discovery disputes. For these reasons, the court finds that the third factor weighs against granting a stay.

***Interests of Non-Parties and the Public (Factors 4 and 5)***. The court is aware of no third parties with significant, particularized interests in this litigation, making factor four neutral. And the only interest the public has in this case is in the speedy resolution of legal disputes. *Prison Legal News v. Fed Bureau of Prisons*, No. 15-cv-02184-RM-STV, 2017 WL 10619942, at *13 (D. Colo. Feb. 23, 2017). Here, that interest will not be facilitated by a stay, where there is no dispute that discovery on core substantive issues must be conducted at some point in time, even if inReach succeeds in further paring the claims. *Choice Genetics*, 2016 WL 9344066, at *2 (finding that "considerations of fairness and timeliness will not be advanced by the imposition of a stay"). The fifth factor tips against a stay of discovery.

*       *       *

Having considered all relevant factors, this court concludes that the balance weighs against a stay of discovery.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Motion to Stay, ECF No. 51, is **DENIED**.[5] It is **FURTHER ORDERED** that the parties shall contact Judge Prose's chambers

---

[5] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28

within three business days of the date of this order to set a Scheduling Conference.

DATED: February 5, 2024          BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").